At a Motion Term of the United States District Court for the Northern District of New York at the United States District Courthouse, 15 Henry St., Binghamton, New York on April 26, 2013

PRESENT: HON. THOMAS J. MCAVOY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

REBEKAH TERWILLIGER, as Natural Parent and
Guardian of DT, an Infant and DANA ECHAURI,
as Natural Parent and Guardian of VO, an Infant,

        Plaintiffs,

                  **ORDER**
  v.               Civil Action No. 3:12-CV-1750

SUZANNE McLEOD, Superintendent of Schools for
Union-Endicott Central School District, Individually
and in her Official Capacity, ANNMARIE FOLEY,
Principal of Jennie F. Snapp Middle School, Individually
and in her Official Capacity, SCOTT ALSTON, Detective
for the Endicott Police Department and MICHAEL S.
HILLA, Juvenile Officer for the Endicott Police
Department, Individually and in his Official Capacity,

        Defendants.
───────────────────────────────────────────

  Defendants, Scott Alston and Michael S. Hilla having filed a Notice of Motion for Judgment on the Pleadings pursuant to FRCP 12(c) dated March 17, 2013, together with Attorney's Affirmation, Memorandum of Law and exhibits thereto, and the Plaintiffs, Rebekah Terwilliger and Dana Echauri, as natural parents and guardians of DT and VO, respectively, having filed a Memorandum of Law in Response to the Defendants' Motion dated April 2, 2013, together with all attachments thereto, and the Defendants having filed a Reply Memorandum of Law,

**NOW**, upon reading and filing the Notice of Motion, Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, Attorney's Affirmation of Kevin G. Martin, all dated March 17, 2013, and the Reply Memorandum of Law dated April 7, 2013, together with all the attachments thereto, all filed by Defendants Scott Alston and Michael S. Hilla in support of the motion, and the Memorandum of Law in Response to the Defendants' Motion dated April 2, 2013, together with the attachments thereto filed by Plaintiffs Rebekah Terwilliger and Dana Echauri n opposition to the motion, and the parties having appeared in this Court for oral argument on April 26, 2013 by their attorneys Kevin G. Martin, Esq., Martin & Rayhill, P.C. for the moving Defendants, and The Law Office of Ronald Benjamin, Amy Chambers, Esq., of counsel, for the Plaintiffs, it is hereby

**ORDERED**, that the Defendants Scott Alston and Michael S. Hilla's motion for judgment on the pleadings pursuant to FRCP 12(c) is GRANTED and the Plaintiffs' Complaint is DISMISSED as against the moving Defendants Scott Alston and Michael S. Hilla in accordance with the Court's Decision, which is attached hereto and made a part hereof.

**ENTER**

Dated:  May 21, 2013

_____
HON. THOMAS J. MCAVOY
SENIOR DISTRICT JUDGE

```
 1   UNITED STATES DISTRICT COURT
 2   NORTHERN DISTRICT OF NEW YORK
 3   ----------------------------------------------------------
 4   REBEKAH TERWILLIGER, ET AL
 5              -versus-                           12-CV-1750
 6   SUZANNE MCLEOD, ET AL
 7   ----------------------------------------------------------
 8                 TRANSCRIPT OF MOTION DECISION
 9   held in and for the United States District Court, Northern
10   District of New York, at the Federal Building, 15 Henry St.,
11   Binghamton, New York, on FRIDAY, April 26, 2013, before
12   the HON. THOMAS J. McAVOY, Senior United States District
13   Court Judge, PRESIDING.
14
15   APPEARANCES:
16   FOR THE PLAINTIFFS:
17   LAW OFFICE OF RONALD BENJAMIN
18   BY:  AMY CHAMBERS, ESQ.
19   Binghamton, New York
20
21   FOR THE DEFENDANTS:
22   MARTIN & RAYHILL PC
23   BY:  KEVIN G. MARTIN, ESQ.
24   Utica, New York
25
```

1  (In open Court)

2  (Whereupon oral argument was had –

3  not transcribed)

4  - - - - - -

5

6  THE COURT:  All right.  The defendants Alston
7  and Hilla move to dismiss the claims against them pursuant to
8  Rule 12(c)for a grant of qualified immunity on any claims not
9  dismissed or for abstention pursuant to Younger and Colorado
10  River.
11  Rule 12(c) motions are decided under the Rule
12  12(b)(6) standard.  Rule 12(b)(6) requires the complaint to
13  obtain sufficient factual allegations to make out plausible
14  claims for relief.  See Ashcroft vs Iqbal, 129 Supreme Court
15  1937 at 1949.  Legal conclusions unsupported by factual
16  allegations, threadbare recitals of a cause of action, and
17  mere conclusory statements are insufficient.  Iqbal 149.
18  The complaint alleges violations of
19  plaintiffs' constitutional rights and clearly defines how
20  these rights have been violated.  Further, plaintiffs argue
21  that the complainant's allegations support claims for other
22  constitutional violations, including the First Amendment.
23  The Court will review the allegations to determine what
24  potential claims have been pled.
25  Plaintiffs allege that defendants Alston and

```
 1  Hilla interrogated them without advising them of their
 2  constitutional right to counsel.  This invokes the
 3  constitutional rights protected by Miranda versus Arizona.
 4  While Broome County Family Court Judge Pines addressed DT's
 5  alleged Miranda violation, he did not address the same claim
 6  by VO.  Nevertheless, a Miranda violation by itself is not
 7  actionable under Section 1983.  See Jocks v Tavernier,
 8  316 Fed 3d 128 at 138.  Deshawn E by Charlotte E versus
 9  Safir, 156 Fed 3d 340, 346.  See also Neighbour versus
10  Covert, 68 Fed 3d 1508 at 1510 through 1511.  Thus, any claim
11  based upon a denial of Miranda warnings is dismissed.
12              The allegation also raises, potentially, Sixth
13  Amendment denial of counsel claims.  However, such claims
14  fail because an individual's Sixth Amendment right to counsel
15  attaches only at or after the time that adversary judicial
16  proceedings have been initiated against him.  Kirby versus
17  Illinois, 406 US 682 at 688.
18              Under New York law, adversary judicial
19  proceedings are commenced by the filing of an accusatory
20  instrument.  Brown v Martin, 2004 Westlaw 1774328 at star
21  five.  Because plaintiffs had not been charged with any acts
22  of juvenile delinquency at the time of their questioning,
23  their Sixth Amendment right had not attached.  Contes versus
24  City of New York, 199 Westlaw 500140 at star eight.
25              Thus, any claim based upon the Sixth Amendment
```

1   is dismissed.
2           The complaint also alleges that DT's
3   constitutional rights were violated when Officer Hilla
4   coerced him to make a false confession.  This implicates the
5   Fifth Amendment, applicable to the states through the
6   Fourteenth Amendment, which provides that a person shall not
7   be compelled in any criminal case to be a witness against
8   himself.
9           As indicated, the simple failure to advise DT
10  of his Fifth Amendment rights by a Miranda warning does not
11  form the basis of an actionable 1983 claim.  However, a
12  Section 1983 action may exist under the Fifth Amendment's
13  self-incrimination clause if coercion was applied to obtain
14  an inculpatory statement and the statement was used against
15  the plaintiff in a criminal proceeding.  See Chavez versus
16  Martinez, 538 US 760, 766.  Weaver versus Brenner, 40 Fed 3d
17  527 at 536.
18          Judge Pines' decision did not address the
19  voluntariness of DT's statement, only whether it was made
20  during a custodial interrogation.  While it seems unlikely
21  that constitutionally offensive coercion could be applied in
22  a non-custodial setting during which the parties were free to
23  leave, the Court need not address the question of
24  plausibility.  This is because it has not been asserted that
25  DT's statement has been used against him in the Family Court

1  Article 3 proceeding.
2           Consequently, the claim is premature and must
3  be dismissed.  The dismissal is without prejudice to
4  repleading consistent, of course, with the obligations
5  imposed by Federal Rule of Civil Procedure 11.
6           Plaintiffs also assert that they've pled
7  actionable substantive due process claims.  A Fourteenth
8  Amendment substantive due process claim may be established
9  when there is proof of actual coercion from outrageous
10 government misconduct, even if the confession is not used
11 against the declarant.  <u>Gardner versus McArdle</u>, 461 Federal
12 Appendix 64 at 66.  <u>Deshawn E</u> at 348.  In this regard the due
13 process clause of the Fourteenth Amendment prohibits
14 self-incrimination based on fear, torture or any other type
15 of coercion.  <u>Deshawn E</u> at 348.
16          The pertinent question on a substantive due
17 process claim is whether the conduct of law enforcement
18 officials was such to overbear the plaintiffs' will to resist
19 and bring about a confession that was not freely
20 self-determined.  <u>Deshawn E</u> at 348.  The challenged conduct
21 must be the kind of misbehavior that so shocks the
22 sensibility of civilized society as to warrant a federal
23 intrusion into the criminal processes of the States.  <u>Moran</u>
24 <u>versus Burbine</u>, 475 US at 412.  I'm sorry.  475 US 412 at
25 4933 and 434.

1  When the questioning of a juvenile is
2  involved, the Court looks to factors such as the length of
3  the questioning, whether the juvenile was accompanied by a
4  parent, whether Miranda warnings were issued to the juvenile
5  and his parent, whether the juvenile was in an extremely
6  emotional state, whether the juvenile was in a weakened
7  emotional state, and whether the juvenile had a diminished
8  mental or cognitive capacity.  See Deshawn E at 348.
9        Although plaintiffs allege they were not
10 advised of their right to counsel and characterize the manner
11 of questioning as that reserved for hardened criminals, they
12 have not alleged specific facts establishing the hallmarks of
13 a substantive due process claim.  Their allegations that the
14 questioning lasted well over an hour, did not take place in a
15 special interrogation room as required by the Family Court
16 Act, and that Officer Hilla repeatedly asked DT if he made
17 the threat, do not amount to the kind of police misbehavior
18 that shocks the sensibilities of civilized society.  Further,
19 their characterization of the manner of the interrogation
20 does not provide plausible factual allegations of outrageous
21 police conduct.
22        Accordingly, any substantive due process claim
23 is dismissed.
24        Plaintiffs also seemingly assert claims for
25 malicious prosecution.  To satisfy a Section 1983 claim for

1  malicious prosecution, plaintiffs must demonstrate, one, the
2  defendants commenced or continued criminal proceedings
3  against them; two, the proceedings were terminated in
4  plaintiff's favor; three, no probable cause existed for the
5  proceeding; four, the defendants instituted the proceedings
6  with malice; and five, each suffered a sufficient
7  post-arraignment liberty restraint to implicate the
8  plaintiffs' Fourth Amendment rights.  <u>Swartz versus Insogna</u>,
9  704 3d 105 at 111 and 112.
10             Plaintiffs have not pled that either of their
11 Family Court proceedings terminated in their favors, and it's
12 undisputed the proceedings are currently ongoing.
13             Accordingly, the malicious prosecution claims
14 are dismissed without prejudice to repleading if favorable
15 determinations are obtained.  If repled, the Court will then
16 address the remaining elements of the 1983 malicious
17 prosecution claims as pertaining to both defendants.
18             Plaintiffs also argue that the complaint
19 asserts First Amendment claims.  This appears to be based on
20 the contention that defendants instigated Family Court
21 proceedings to coerce plaintiffs to withdraw the Supreme
22 Court action and their appeals to the Commissioner of
23 Education.  Such claims are fatally flawed because plaintiffs
24 withdrew neither action, and because there are no allegations
25 that defendants' actions chilled plaintiffs' exercise of

1  their First Amendment rights.  See Scott versus Coughlin,
2  344 Fed 3d 282 at 287.
3              Further, there are no plausible factual
4  allegations establishing a causal connection between the
5  Supreme Court action or the appeal to the Commissioner of
6  Education and the moving defendants' actions.  The moving
7  defendants had no legal interest in the Supreme Court action
8  or the school disciplinary action.  Plaintiffs' conclusory
9  allegation of a conspiracy fails to provide sufficient
10 factual allegations to make out a plausible claim in this
11 regard.  See Webb versus Goord, 340 Fed 3d 105 at 110 and
12 111.
13             Accordingly, any First Amendment claims
14 against the moving defendants are dismissed.
15             Because the Court finds no cognizable claims,
16 there is no reason to reach defendants' arguments for
17 qualified immunity or abstention.
18             In conclusion, the defendants' motion is
19 granted and all claims against them are dismissed consistent
20 with what I've already iterated in this decision.
21             Defense counsel should submit a proposed order
22 on notice to plaintiffs within two weeks of today's date.
23             Thank you both.
24             MR. MARTIN:  Thank you, your Honor.
25

Terwilliger vs Mcleod

1       THE COURT:  Court stands adjourned in this
2  matter.
3       (Court stands adjourned)
4            - - - - -

Vicky Ann Theleman, RPR, CRR
USDC Court Reporter

C E R T I F I C A T I O N

     I, VICKY A. THELEMAN, RPR, CRR, United States Court Reporter in and for the United States District Court, Northern District of New York, do hereby certify that I attended at the time and place set forth in the heading hereof; that I did make a stenographic record of the proceedings had in this matter and cause the same to be transcribed; that the foregoing is a true and correct copy of the same and the whole thereof.

                          /s/ Vicky A. Theleman
                          VICKY A. THELEMAN, RPR, CRR
                          United States Court Reporter
                          US District Court – NDNY

Dated: May 8, 2013.